### Ex parte FRANKFELD.

### Ex parte O'DEA.

### Nos. 2073, 2074.

District Court of the United States for the District of Columbia.

April 9, 1940.

Sol. H. Cohn, of New York City, for petitioners.

John B. Colpoys, U. S. Marshal, Edward M. Curran, U. S. Atty., and Allen J.

916

Krouse, Asst. U. S. Atty., all of Washington, D. C., for respondent.

LETTS, Justice.

These petitioners are held under authority of a warrant issued by United States Commissioner Turnage authorizing their apprehension. They are charged with a violation of Section 192, Title 2, of the United States Code. Specifically it is said that they have violated the statute by refusing, when before a special committee of the House of Representatives, called the Committee on un-American Activities, to answer certain questions propounded to them, questions said to be pertinent to the subject then under consideration.

■ I find that Section 192 of Title 2 defines as an offense the failure of a witness who has been summoned before a House committee, such as the Special Committee on un-American Activities, to answer questions pertinent to the subject under inquiry. That statute not only defines the offense and denounces it but prescribes the penalty therefor.

That was not all that Congress did with respect to this statutory offense. By Section 194 of Title 2 the Congress prescribed the procedure by which one said to be guilty of the offense denounced in Section 192 should be brought to trial.

In the first place, I think we must recognize the fact that Congress by these enactments was dealing with political questions and had in mind the necessity of protecting citizens who might be summoned as witnesses from unfair treatment by reason of the fact that differences in political opinion might prevail and that, by reason of such differences, unjust action might be taken.

So, I am of the opinion that Congress, seeking to prevent any such unjust treatment of one summoned to testify upon a public question, determined that there should be a prescribed course by which the charge should be preferred and through which the one accused could be brought before a proper court for trial. So, they did prescribe that when a committee such as this was confronted with an obdurate witness, a willful witness, perhaps, the committee would report the fact to the House, if it be a House committee, or to the Senate, if it be a Senate committee, and that the Speaker of the House or the President of the Senate should then certify the facts to the district attorney.

It seems quite apparent that Congress intended to leave no measure of discretion to either the Speaker of the House or the President of the Senate, under such circumstances, but made the certification of facts to the district attorney a mandatory proceeding, and it left no discretion with the district attorney as to what he should do about it. He is required, under the language of the statute, to submit the facts to the grand jury.

I take it that Congress, by this careful manner of prescribing the course to be followed in a case of this kind, intended to protect its citizens in their political rights and intended to set up as a safeguard against unfair treatment or unfair attack a method mandatory in its nature which required the action of the grand jury before one so accused could be placed on trial.

■ In this case the warrant had for its basis the affidavit of one Robert E. Stripling, who is described as the secretary of the Committee on un-American Activities. It seems obvious that Congress intended no such action to be taken by an individual. Stripling was not a member of the committee; he was an employee of the committee. It seems plain to me that he has no power to institute proceedings of this kind. I am likewise of definite opinion that a member of the committee would have no such right. Certainly a bystander could not institute proceedings of this kind. Congress intended to place the responsibility upon the committee itself, and it has prescribed what proceedings may be had when the committee has reported to the Congress—the House or the Senate, as the case may be—the fact of a witness' refusal to answer.

We all know that the only way a committee of the House of Representatives can report to the House is by formal action. That it requires the formal action of the committee itself. Here no such action was taken. Certainly Congress did not intend that any matters of this kind that are political in their nature should be left to the discretion of persons not charged with the responsibility involved. A bystander might because of his own political beliefs and because he disagreed with the witness rush off to the office of

the Commissioner and swear out a warrant for the arrest.

The offense rests in the refusal of the witnesses to answer questions which are pertinent to the subject under consideration. The use of the word "pertinent" indicates that anyone in preferring a charge of this kind must, acting within discretion and in the exercise of judgment, say that the question which a witness refused to answer was pertinent to the subject under consideration. That could not be left to a bystander or to the secretary of the committee or to a member of the committee itself. It is a function that must be performed by the committee in the authorized way, as is prescribed by the Manual of Rules of the House.

I think that Congress certainly intended to set up a safeguard for its citizens against the abuse of process and intended to accord a degree of protection for political rights.

Upon consideration of the whole matter, I have concluded that these petitioners are not held by due process, that they are unlawfully restrained of their liberty, and that they should be released from custody.