## UNITED STATES v. JOSEPHSON.

District Court, S. D. New York.
June 13, 1947.

John F. X. McGohey, U. S. Atty., of New York City, for plaintiff.

Barent TenEyck and Samuel A. Neuburger, both of New York City, for defendant.

CAFFEY, District Judge.

Defendant moves on various grounds to dismiss this indictment for failure to state a crime.

Defendant was indicted under Section 192, Title 2, U.S.C.A., which provides that "Every person who having been summoned as a witness by the authority of either House of Congress, to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor * * *."

The indictment charges that on March 5, 1947, the defendant was summoned as a witness, by authority of the House of Representatives through its sub-committee of the Committee on Un-American Activities, to be sworn and to testify before said sub-committee on matters of inquiry committed to said committee and that upon his appearance before the said sub-committee, pursuant to a subpoena served upon him, he then and there refused to be sworn and to give any testimony before said committee.

■ The defendant argues that the charge in the indictment that he "refused to be sworn and to give any testimony" is not a crime, for, so far as the indictment shows, he was asked no question by it. But this is mere hyper-criticism. No question could appropriately be asked until the witness had been sworn. If the statute is to be given the narrow construction contended for, the committee would be impotent, for any witness could, by merely refusing to be sworn, flout the committee with impunity. It may perhaps be said that the defendant refused to answer a question when he refused to be sworn. Whether this be so or not, the statute punishes a refusal to answer questions and not a mere failure to do so. To refuse means to decline to do something which, of course, means not only the present conduct of the witness but also his future conduct.

■ The defendant also claims that the indictment is defective because it does not set forth that the procedure required by Section 194, Title 2, U.S.C.A., was followed. Briefly this section provides that whenever a witness summoned under Section 192 refuses to answer any question pertinent to the subject matter under inquiry, a statement of the fact of such failure shall be reported to the House or Senate, if in session, and, when Congress is not in session, to the President of the Senate or the Speaker of the House, and that it shall be the duty of the President or the Speaker to certify the statement to the appropriate United States Attorney whose duty it shall be to bring, the matter before the grand jury for its action. It is argued that compliance with this section is mandatory and must be pleaded and proved as part of the Government's case. Reliance is placed upon the case of Ex parte Frankfeld, D.C.D.C., 32 F.Supp. 915. There Frankfeld was held under a warrant by a United States Commissioner. He was charged with violation of Section

192 by refusing, when before the Committee on Un-American Activities of the House, to answer certain questions. It appeared that the warrant had been issued upon an affidavit by the secretary of the committee. The court held that neither he nor any individual member of the committee had the right to have such a warrant issued. The court held in effect that Section 194 described the only procedure by which one said to be guilty of an offense under Section 192 should be brought to trial. With all due deference, I do not agree with this statement. United States Attorneys are required by law to prosecute "all delinquents for crimes and offenses cognizable under the authority of the United States". Sec. 485, Title 28, U.S.C.A. So, too, grand juries are required to inquire into and true presentment make of all matters called to their attention by the court or that may come to their knowledge. Here the defendant has been indicted by a grand jury which had the power, without the procedure outlined in Section 194, to consider any violation of law charged against the defendant. The defendant has no right to inquire into the proceedings before the grand jury.

Defendant also claims that the indictment fails to state an offense against the United States because the scope of the powers and the authority of the committee, as it is empowered and created, is so vague, indefinite and uncertain as to render impossible judicial ascertainment that the committee's purposes are legislative in nature and that any question put by it is pertinent to the matters under inquiry. This claim is based on the alleged vagueness and uncertainty of the language used in the resolution appointing the committee. That resolution authorizes the committee to make investigations "of (1) the extent, character, and objects of Un-American propaganda activities in the United States, (2) the diffusion within the United States of subversive and Un-American propaganda that is instigated from foreign countries or of a domestic origin and attacks the principles of the form of government as guaranteed by our Constitution, and (3) all other questions in relation thereto that would aid Congress in any necessary remedial legislation."

■ It is argued that the word "Un-American" has no definite meaning, that in fact it is merely a political term—an epithet hurled at one's political opponents, that, while the word "subversive" may have a definite meaning, it is linked with the term "Un-American", and that the committee's authority to investigate is limited to Un-American propaganda which is incapable of such precise definition as that anyone charged with having refused to answer questions put by the committee can know whether the questions are pertinent to the investigation. Various statements by members of the House in the debate on the resolution as to the meaning of the word "Un-American" are referred to. It is clear, however, that these are questions that cannot be raised on a motion to dismiss this indictment. They are questions which will be pertinent only when the witness is asked a particular question and refuses to answer.

■ Defendant's argument that the indictment is bad because the resolution appointing the committee is unconstitutional in that it violates the First, Fifth and Sixth Amendments to the Constitution is a question which should not be considered by the trial court, unless it be plain that on its face the resolution is unconstitutional. The nisi prius court should not declare any statute or resolution unconstitutional unless it is obviously so.

■ Defendant also asks for an order under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, enlarging the time within which he may move for the filing and service of a bill of particulars which shall set forth the matters that were under inquiry before the committee and any and all questions alleged to be pertinent to such matters which were put to or asked of the defendant. Obviously the latter part cannot be required, for it is not charged that any specific questions were put to the defendant. Nor does it seem that under the circumstances here what particular matter was under inquiry before the committee

is pertinent. It must be assumed that the committee was acting under the resolution which created it. That resolution empowered it to investigate various matters; which one of those matters was the subject of inquiry is unimportant under this indictment.

Motion to dismiss indictment and for a bill of particulars is denied.

Settle order on one day's notice.